**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEIDRE GRIM, individually and on behalf of all others similarly situated,** | Case No.: |
| **Plaintiff,** | **CLASS ACTION** |
| vs. | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| **TODD A. BRISCO & ASSOCIATES, A PROFESSIONAL CORPORATION,** | **DEMAND FOR JURY TRIAL** |
| **Defendant** | |

1
**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. Plaintiff DEIDRE GRIM ("Plaintiff") brings the instant class action claims against Defendant TODD A. BRISCO & ASSOCIATES, A PROFESSIONAL CORPORATION ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*. Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly overshadowing and falsely informing consumers about their rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b), and thus in violation of § 1692e and § 1692g.

# JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arise under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Defendant maintains its office Orange, California, and sent the correspondence at issue from Orange, California.

# PARTIES

4. Plaintiff is an adult individual residing in Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). The purported debt allegedly owed by Plaintiff is a "debt" and, in that the alleged debt that Defendant sought to collect was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant is a debt collection law firm with its principal place of business located in Orange, California. The principal purpose of Defendant is the collection of debts in this state and others, and Defendant regularly attempts to

collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.    The Account**

6.    At some point prior to April 2021, Plaintiff allegedly incurred various charges related to the rental of a personal family residence. As such, allegedly Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The account subsequently went into arrears.

8.    Thereafter, Defendant obtained The Account and on or about April 19, 2021, sent Plaintiff a written collection correspondence in an attempt to collect on The Account.

**B.    The Unlawful Collection Letter**

9.    On or about April 19, 2021, Defendant sent Plaintiff an initial collection letter. A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10.    In pertinent part, a particular statement contained within the last full paragraph of the Letter set forth:

If you are interested in paying off this judgment and avoiding asset forfeiture, then please contact our office or make payment according to the instruction and terms below:

Due Date: April 29, 2019.

Further, the first paragraph of the Letter states as follows:

3
**CLASS ACTION COMPLAINT**

> Unless you, within thirty days after receiptof this letter, dispute the validity of this debt, or any portion thereof, we will assume the debt to be valid. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

### C. <u>The Letter Misleads Plaintiff and Similar Consumers and is Deceptive</u>

11. Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

12. In stating that Plaintiff must make a payment within ten (10) days from the date of the letter (a shorter time than Plaintiff has to dispute the debt and/or request validation pursuant to the FDCPA), Defendant falsely and deceptively advises a consumer that he or she must make the choice between making payment to avoid threatened "asset forfeiture" and/or further collection efforts, or exercising his or her §1692(g) rights to seek validation of the alleged debt. This overshadows and contradicts the 30 day dispute notice as no such requirement is mandated upon consumers per §1692(g).

13. Defendant's correspondence overshadows a consumer's right to dispute or seek validation by unlawfully demanding payment before the thirty (30) days after receipt provided by the FDCPA to trigger rights under §1692(g).

14. In fact, Defendant seeks to unlawfully create an incentive for a consumer to bypass the right to dispute the debt by making payment and avoiding "asset forfeiture" that Defendant will initiate against the consumer. Defendant's letter suggests to the least sophisticated consumer that disputing the debt within the thirty (30) day timeframe does not provide a consumer with the same benefit or incentive of simply making payment.

15. Such language lead Plaintiff as well would lead the least sophisticated consumer to believe that the most prudent choice is to make the payment on or before the ten (10) day deadline, whether or not said consumer disputed the debt or wished to receive validation. After all, to forego the payment deadline and instead dispute the debt would guarantee that Plaintiff's account would remain in collections and be subject to "asset forfeiture" over the alleged debt, when Plaintiff could simply make a payment and ensure that Defendant was to cease its collection efforts – which is all any consumer wishes when interfacing with a collection law firm.

16. Further, what Defendant fails to advise Plaintiff and other consumers in this correspondence is that once a payment is made and Defendant returns the account to the creditor client, Defendant does not have an obligation to respond to a consumer's dispute and/or request for validation as Defendant is no longer collecting on the alleged debt – thus, the prohibitive bar on collecting the debt when failing to respond to a consumer's request for validation is of no consequence to Defendant as Defendant will no longer be collecting the debt. This is a fact that Defendant is unquestionably aware of when drafting and sending out these form correspondences.

17. Additionally, the concluding paragraph of the Letter is rife with inaccuracies, and other crucial omissions regarding Plaintiff's and other consumer's rights under §1692(g).

18. First, the Letter fails to advise Plaintiff and other consumers that Plaintiff and the putative class have the right to request validation of the alleged debt and receive documents/information from Defendant validating same.

19. Next, the Letter fails to advise Plaintiff and other consumers that **only timely written disputes** trigger Defendant's obligation to prepare and produce verification or validation of the debt to the consumer. The language of §1692(g)(a)(4) makes it clear that a dispute which triggers a debt collector's

obligation to verify the debt, needs to be in writing. In fact, this the Letter makes no reference at all to a request to validate or verify the debt, in writing or otherwise.

20. The Letter is an example of form letters, substantially similar to likely hundreds of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

22. Plaintiff seek to represent a class defined as:

> All consumers in the United States who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

### D. Numerosity

23. The Letters are mass-mailed form letters that Defendant likely sends out to hundreds of consumers natwionwide. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

24. Upon information and belief, Defendant sent or caused to be sent hundreds of similar deceptive Letters to consumers.

25. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26. Plaintiff reasonably believes that there are hundreds of consumers who are members of the class.

6
**CLASS ACTION COMPLAINT**

### E. Common Questions of Law and Fact

27. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

29. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a. Did Defendant violate the FDCPA by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request validation of the debt?

### F. Typicality

30. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

### G. Protecting the Interests of the Class Members

31. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

32. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

H. **Proceeding Via Class Action is Superior and Advisable**

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

35. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

36. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

37. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

38. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

39. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

I. **Plaintiff and the Putative Class Have Article III Standing**

40. As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated consumers without the requisite disclosures, or in such a convoluted and confusing way so as to eviscerate the effectiveness of such disclsures, as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury

such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment prior to;

    b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment prior to;

    c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment prior to;

    d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment prior to.

**CLASS ACTION COMPLAINT**

# COUNT I

## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(A)

41. Each and every allegation contained in paragraphs 1 through 40 of this Complaint is repeated, realleged and incorporated herein by reference.

42. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. The Letter fails to comply with all requirements as stated above, namely g(a)(4) and g(a)(5) of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(a).

44. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## COUNT II

## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B)

45. Each and every allegation contained in paragraphs 1 through 44 of this Complaint is repeated, realleged and incorporated herein by reference.

46. FDCPA, 15 U.S.C. § 1692e, provides in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, FDCPA, 15 U.S.C. § 1692e(10), provides that it is unlawful to engage in "[T]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

47. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

   (a) Notice of debt; contents
   Within five days after the initial communication with
   a consumer in connection with the collection of any
   debt, a debt collector shall, unless the following
   information is contained in the initial communication
   or the consumer has paid the debt, send the
   consumer a written notice containing—

   (b) Disputed Debts

   If the consumer notifies the debt collector in writing
   within the thirty day period described in subsection
   (a) of this section, that the debt, or any portion
   thereof, is disputed, or that the consumer requests the

11
**CLASS ACTION COMPLAINT**

>name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

48. The Letter falsely and deceptively creates an unlawful conflict between a consumer's decision to make a payment towards the debt, to avoid threatened asset forfeiture or other collection efforts, and exercising his or her rights to dispute or request validation of the debt. The Letter similarly does not advise a consumer that should payment be made prior to the 30 day time limit to dispute the debt, that Defendant no longer has any obligation to respond to a dispute or request for validation subsequent payment. The letter therefore violates 15 U.S.C. § 1692g(b) by overshadowing the conveyance of Plaintiff's and the putative class' rights to dispute or seek validation of the debt.

49. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

b. For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c. For reasonable attorneys' fees and costs of suit pursuant to *15 U.S.C. § 1692k*;

d. For such further relief as this Court deems necessary, just, and proper.

e.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: May 3, 2021         **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

|  |  |  |
|---|---|---|
| Todd A. Brisco<br>Michelle L. Voigt<br>Allison K. Higley<br>Alice G. Estaville | **TODD A. BRISCO & ASSOCIATES,**<br>A Professional Corporation<br>2200 WEST ORANGEWOOD AVENUE<br>SUITE 250<br>ORANGE, CALIFORNIA 92868 | Telephone (714) 634-2814<br>Facsimile (714) 634-0662<br>briscoassociates@briscoassociates.com |

**VIA FIRST CLASS U.S. MAIL**

Dr. Deidre Grim

[address redacted]
Orangeburg, SC 291[redacted]

April 19, 2021

**RE: DEMAND FOR PAYMENT**

Dear Dr. Grim:

This firm has been retained to represent the interests of [redacted - Ocean Breeze Villas, a California Limited Partnership] (hereinafter "our client"), in collecting the unpaid lease obligations with regard to the law suit referenced below. Please be advised that all future communications, oral or written, concerning this matter must be directed to this office. Unless you, within thirty days after receipt of this letter, dispute the validity of this debt, or any portion thereof, we will assume the debt to be valid. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Our records show that judgment was entered for our client and against you in the below referenced unlawful detainer law suit. Our client is also entitled to recover from you all rent, damages, attorney's fees and costs incurred through the duration of the Unlawful Detainer case. Based on information provided to this office, the details of your liability are as follows:

**TOTAL DUE:** $[redacted, appears $8,003.91]   Case name: [redacted] v. Deidre Grim   Case No. [redacted]
Interest Rate: 10%

At this time, our office is offering to work out a payment arrangement with you. Please be advised that failure to pay could result in formal efforts being taken to satisfy your debt, including but not limited to further legal action and the seizure of assets. If a mutually agreeable payment plan is established, then our office will refrain from any further action.

If you are interested in paying off this judgment and avoiding <u>asset forfeiture</u>, then please contact our office *or* make payment according to the instruction and terms below:

**Due Date:** April 29, 2021
**Min. Payment:** $[redacted] per month
**Method:** Cashier's Check, Personal Check, or Money Order
**Payable to:** Todd A. Brisco and Associates, APC, Client Trust Account
**Reference No:** [redacted]

Thank you for your prompt attention to this matter. We look forward to hearing from you.

Sincerely,
TODD A. BRISCO & ASSOCIATES,
A PROFESSIONAL CORPORATION

Allison K. Higley, Esq.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."